# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALONZO MACKLIN,

  Plaintiff,

 v.               Case No. 05-C-538

PAUL E. BUCHER and
BRAD D. SCHIMEL,

  Defendants.

## MEMORANDUM AND ORDER

  On May 16, 2005, plaintiff Alonzo Macklin, who is incarcerated at the Waukesha County Jail, lodged this pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on plaintiff's petition to proceed in forma pauperis.

  Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff was not required to pay an initial partial filing fee based on the materials submitted in support of his petition. (May 31, 2005 Order). He was, however, given 21 days to determine whether to proceed with this action. (Id.) Plaintiff's petition to proceed in forma pauperis will now be granted, and the $250 balance of the filing fee will be collected in the manner described below.

  I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff makes several claims against the defendants – Waukesha County District Attorney Paul E. Bucher and Assistant District Attorney Brad D. Schimel. He asserts:

> 1.) One count of false imprisonment.
> 2.) [Three] counts of mental and physical cru[e]lity to my 6 yr. old and my future wife to be.

2

> 3.) Three counts of conspiring with my defense attorney.
> 4.) One count of attempt to take an in[n]ocent man to prison for 40+ years based on a lie.

(Complaint at 4). Plaintiff alleges that defendant Bucher lied to a judge concerning plaintiff's criminal history at a bail hearing. (Id. at 4, 5.) He states that defendant Bucher conspired with his several defense attorneys to make him take a plea bargain. (Id. at 5-6.) Plaintiff claims that DNA evidence proved he was not guilty. (Id. at 4.) Plaintiff seeks the following relief:

> to be awarded 6.5 million dollars to Nancy, Kathleen and me if not them then for myself . . . Plus for the Waukesha D.A. to take care of my traffic fines that being in jail kept me from paying. I want to be home with my wife and child.

(Id. at 8.)

I note at the outset that only plaintiff is named in the caption and only plaintiff's signature appears on the complaint. Plaintiff is not an attorney and may not bring suit on behalf of his child or spouse-to-be. See Fed. R. Civ. P. 11, 17. To the extent plaintiff attempts to do so, such claims will be dismissed.

Plaintiff's individual claims must also be dismissed. As district attorneys, defendants are entitled to absolute prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Gauger v. Hendle, 349 F.3d 354, 358 (7th Cir. 2003); Davis v. Zirkelbach, 149 F.3d 614, 617 (7th Cir. 1998). Such immunity applies even of the prosecutor "initiate[d] charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986). Plaintiff's claims concern defendant Bucher's conduct at a bail

3

hearing, negotiation of a plea bargain, and presentation of evidence. Absolute prosecutorial immunity bars such claims.

Further, the complaint is devoid of allegations of the personal involvement of defendant Schimel in any of the matters complained about. Thus, the complaint fails to state a claim against Schimel. Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation").

Finally, as the complaint indicates, this action is largely a repackaging of case number 04-C-543, Macklin v. Bucher. (Complaint at 1) ("New case revise, from old case, case no. 04-C-543"). That action was dismissed on similar grounds. (See September 22, 2004 Order, Case No. 04-C-543 (dismissing action against Paul E. Bucher and Waukesha County District Attorneys Office for failure to state a claim based, in part, on absolute prosecutorial immunity)). Plaintiff incurred a strike in the dismissal of that action as well. (See id.)

As a final note, §1983 provides relief for individuals deprived by a person acting under color of law of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In contrast, habeas corpus provides state prisoners being held in "custody in violation of the Constitution or laws or treaties of the United States" a means to challenge their confinement. 28 U.S.C. § 2254. Here, plaintiff alleges that defendants conspired with his defense attorney and requests a new trial. In addition, he seems to be asserting that his sentence is illegal. Such claims are properly brought under § 2254, not § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)

4

(holding that habeas corpus is the exclusive remedy for prisoners seeking release from custody.

Although it is possible to convert a civil rights complaint to a petition for a writ for habeas corpus, the scope of re-characterization is extremely limited. Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005) (noting that because of the potential pitfalls, district courts should generally "evaluate the cases as the plaintiffs label them"). A district court may re-characterize a civil rights claim "[i]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." Id. In the present case, plaintiff has named two district attorneys as defendants. In a habeas corpus petition, the proper defendant is the warden of the correctional institution where the plaintiff is incarcerated. Moore v. Pemberton, 110 F.3d 22, 23-24 (7th Cir. 1997). Thus, I cannot convert plaintiff's civil rights claim into a petition for a writ of habeas corpus.

Based on the foregoing, the complaint and this action will be dismissed because it seeks relief from defendants who are immune and for failure to state a claim upon which relief may be granted. The Clerk will be directed to docket that plaintiff has incurred a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed in forma pauperis be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the Sheriff of the Waukesha County Jail or his designee shall collect from the plaintiff's prison trust account the $250 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and

forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** because it seeks relief from defendants who are immune and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 1 day of November, 2005.

/s_____
LYNN ADELMAN
District Judge